| | |
|---|---|
| **WO** | MDR |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CV 09-2626-PHX-JAT (JRI) |
| Plaintiff, | No. CR 05-272-PHX-JAT |
| v. | **ORDER** |
| Sabrina Creeger, | |
| Defendant/Movant. | |

On December 11, 2009, Movant Sabrina Creeger, who is confined in the Federal Correctional Institution-Dublin in Dublin, California, filed a *pro se* "Motion for Extension of Time to File 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." In a January 7, 2010 Order, the Court construed the Motion as a § 2255 Motion and denied it with leave to amend. The Court gave Movant 30 days to file an amended motion on a court-approved form.

On January 25, 2010, Movant filed an Amended § 2255 Motion (Doc. #4). The Court will call for an answer to the Amended § 2255 Motion.

**I.     Procedural History**

Pursuant to a plea agreement, Movant pled guilty to Conspiracy to Possess with Intent to Distribute Methamphetamine and Accessory After the Fact to Murder. On December 10, 2008, the Court sentenced Movant to concurrent sentences, the longest of which was 240 months' imprisonment, followed by 5 years on supervised release.

**TERMPSREF**

## II. Amended § 2255 Motion

In her Amended § 2255 Motion, Movant raises two grounds for relief. In Ground One, she alleges that she received ineffective assistance of counsel in violation of the Sixth Amendment because (a) she did not make an informed decision about entering into the plea agreement because her attorney did not know the "basic sentencing guidelines" and misstated the potential length of the sentence; (b) her attorney failed to file an notice of appeal and an appeal after Movant requested that he do so; and (c) her attorney refused to give Movant access to Movant's case files and, therefore, delayed Movant filing for post-conviction relief.

In Ground Two, she alleges a Fifth Amendment due process violation, asserting that the government breached the plea agreement because the government did not recommend that Movant receive a sentence of no more than 15 years and did not make a substantial-assistance determination. Movant states that the 15-year promise was not part of the written plea agreement but that her attorney told her that the government "was offering 15 years in exchange for her plea." Movant also claims her attorney was ineffective for failing to raise the breach-of-plea-agreement issue at sentencing.

Movant requests that she be resentenced to a fifteen-year term of imprisonment. She also seeks an evidentiary hearing and the appointment of counsel.

The Court will require a response to the Amended § 2255 Motion.

## III. Evidentiary Hearing and Counsel

The Court will deny as premature Movants's request for an evidentiary hearing. See Rules Governing § 2255 Proceedings for the United States District Courts 8(a) ("If the motion is not dismissed, the judge must review the **answer**, any transcripts and records of prior proceedings and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted.") (emphasis added).

Counsel must be appointed when necessary for effective discovery and when an evidentiary hearing is required. Rules Governing § 2255 Proceedings for the United States District Courts 6(a) and 8(c). At this early juncture, neither are required. Appointment is also required when the complexities of the case are such that lack of counsel would equate

with the denial of due process. Brown v. United States, 623 F.2d 54, 61 (9th Cir. 1980). There is presently no indication that lack of counsel would result in the denial of due process.

Otherwise, the court must determine whether the "interests of justice" require the appointment of counsel. Terrovona v. Kincheloe, 912 F.2d 1176, 1181 (9th Cir. 1990) (quoting 18 U.S.C. § 3006A(a)(2)(B)). This determination is guided by an assessment of the likelihood of success on the merits and movant's ability to articulate her claims in light of the complexity of the legal issues. Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Movant has not made the necessary showing for appointment of counsel at this time, and, therefore, the Court will deny without prejudice her request for counsel. If, at a later date, the Court determines that discovery or an evidentiary hearing is required, counsel will be appointed in accordance with Rule 6(a) or Rule 8(c) of the Rules Governing Section 2255 Proceedings.

**IV. Warnings**

**A. Address Changes**

Movant must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Movant must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B. Copies**

Movant must serve Respondent, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Movant must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Movant.

**C. Possible Dismissal**

If Movant fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet,

963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Movant's requests for an evidentiary hearing and the appointment of counsel (contained in Doc. #4 in 09-CV-2626-PHX-JAT (JRI)) are **denied without prejudice**.

(2) The Clerk of Court must serve a copy of the Amended § 2255 Motion (Doc. #4 in 09-CV-2626-PHX-JAT (JRI)) and this Order on the United States Attorney for the District of Arizona.

(3) The United States Attorney for the District of Arizona has **60 days** from the date of service within which to answer the Amended § 2255 Motion. The United States Attorney may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity. If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. Failure to set forth an affirmative defense in an answer may be treated as a waiver of the defense. Day v. McDonough, 126 S. Ct. 1675, 1684 (2006). If not limited to affirmative defenses, the answer must fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2255 Cases.

(4) Movant may file a reply within **30 days** from the date of service of the answer to the § 2255 Motion.

(5) The matter is referred to Magistrate Judge Jay R. Irwin pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

DATED this 28th day of January, 2010.

/s/ James A. Teilborg
James A. Teilborg
United States District Judge